IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

UNITED STATES OF AMERICA          §
                                  §
                                  §
v.                                §    CASE NUMBER 9:18-CR-24 (3)
                                  §
                                  §
                                  §
CHELSEA PADDIE                     §

REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed January 30, 2026, alleging that the Defendant, Chelsea Paddie, violated her conditions of supervised release. This matter is referred to the Honorable Zack Hawthorn, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

### I. The Original Conviction and Sentence

Paddie was sentenced on April 10, 2019, before The Honorable United States Senior District Judge Ron Clark of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute and Distribution of 5 Grams or More of Methamphetamine (Actual), a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of V, was 84 to 105 months. The Court imposed a sentence below the advisory guideline range because of a binding plea agreement for a variance accepted by the court. Paddie was subsequently sentenced to 70 months' imprisonment as to Count 1, to

1

run concurrently with any future revocation term imposed in #17-0792, Angelina County Court at Law, Lufkin, Texas, followed by 5 years' supervised release subject to the standard conditions of release, plus special conditions to include:

> You must provide the probation officer with access to any requested financial information for purposes of monitoring your efforts to obtain and maintain lawful employment.

> You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

> You must participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; and

> You must acquire a high school equivalency certificate.

## II.  The Period of Supervision

On June 16, 2023, Paddie completed her period of imprisonment and began service of the supervision term. On February 2, 2024, Paddie's conditions of supervision were modified to include 180 days placement in a residential reentry center in lieu of revocation.  The case was reassigned to the Honorable United States District Judge Marica A. Crone.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising six allegations.  The petition alleges that Paddie violated the following conditions of release:

Allegation 1. The Defendant shall not commit another federal, state, or local crime.

<u>Allegation 2.</u>  The Defendant must refrain from any unlawful use of a controlled substance.

<u>Allegation 3.</u>  The Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged.

<u>Allegation 4.</u> The Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged and pay any cost associated with treatment and testing.

<u>Allegation 5.</u> The Defendant must live at a place approved by the probation officer and must notify the probation officer at least 10 days before any change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

<u>Allegation 6.</u>  The Defendant must not communicate or interact with someone she knows is engaged in criminal activity.

## IV.  Proceedings

On May 21, 2026, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation.  The Defendant agreed to plead "true" to the first allegation that claimed she committed another federal, state, or local crime. In return, the parties agreed that she should serve a term of fifteen months' imprisonment, with no supervised release to follow.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit

3

for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class B felony, therefore, the maximum imprisonment sentence is 3 years.

According to U.S.S.G. § 7C1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by committing a federal, state, or local crime, the Defendant will be guilty of committing a Grade B violation. U.S.S.G. § 7C1.3 indicates that upon a finding of non-compliance, the court should conduct an individualized assessment and that revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

U.S.S.G. § 7C1.5 provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of V, the policy statement imprisonment range is 18 to 24 months.

U.S.S.G. § 7C1.4(a) states that the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in § 7C1.5.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that she violated a mandatory condition of release when she committed a federal, state, or local crime. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7C1.3, the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully conducted an individualized assessment and considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade B violation, and the criminal history category is V. The policy statement range in the Guidelines Manual is 18

5

to 24 months.  The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of fifteen months, with no supervised release to follow.

### VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that she violated a mandatory condition of release by committing a federal, state, or local crime.  The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of 15 months' imprisonment, with no supervised release to follow.  The Defendant requested to serve her prison term at the Federal Correctional Institution in Bryan, Texas, or in the alternative, FMC Carswell, Texas.  The Defendant's request should be accommodated, if possible.

### VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived her right to be present

and speak and have her counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 27th day of May, 2026.

_____
Zack Hawthorn
United States Magistrate Judge